Burchell agt. Voorhis.

## SUPREME COURT.

JOHN J. BURCHELL, individually and as trustee, &c., agt.
JOHN D. VOORHIS *et al.*

*Motion for a resale of premises sold on a mortgage foreclosure.*

Where no pretense of fraud on the part of the purchaser is shown, and where the inadequacy of price set up by the defendant, who had failed on a former sale to complete his purchase at a far less price, and the efforts to sell having produced the present amount bid, together with the small difference set up as the inadequacy, *held*, no cause for setting aside the sale.

*New York Supreme Court Chambers, July,* 1875.

THE defendant moved for a resale ·of premises sold on mortgage foreclosure. The premises were four times sold, for $173,500, $226,000, $219,500 and $191,500 respectively. The purchasers in the first three sales did not complete. The defendant alleges a combination on the part of the purchaser with two other persons to depress the sale and buy it under value. The said combination had the effect to alarm another *bona fide* bidder who only for that would have paid $225,000 for the property. That the property was worth a sum greatly in excess of that for which it sold, and cost the owner $365,000. The facts relied upon by the purchaser sufficiently appear in the opinion.

*Haskal & Stetson,* for defendant.

*Stephen O. Lockwood,* for purchaser.

DONOHUE, *J.* — The premises in this case, that it is now sought to resell, were sold at a period prior to the sale sought

to be set aside; at that sale the defendant by gross misconduct prevented a *bona fide* sale. There is no question that an effort was made to obtain a good attendance on the day of sale, nor is there a doubt of the connivance of the defendant with the purchaser at that sale, and there is no doubt of the continued efforts of the defendant to prevent a sale of the property except in his own interest; and when he found himself defeated in the effort he now asks, as against a *bona fide* purchaser, to compel a resale, on the statement that such a resale will be a benefit to some of his creditors who are unsecured, and thus release him from the payment of some of his debts. ·There is not a redeeming feature in the defendant's application, and it only remains to be considered whether the, purchaser has been guilty of any fraud that should avoid his bargain. The sole pretense is that the purchaser, without any combination with any party to the suit, engaged others in his interest to bid at the sale, and because those different bidders were seen talking together at the· sale it is supposed no fair sale. To hold this would be simply to set aside all sales at which it could be shown one bidder talked with another and that some one at the sale thought this suspicious. No pretense of fraud on the part of the purchaser is shown. Where, as in this case, the inadequacy of price is set up — and it appears that the defendant, who now sets up that point, failed to complete at a far less price, and the efforts to sell having produced the amount now bid, together with the small difference set up as the inadequacy — it has over and again been held no cause for setting aside the sale. The case cited by the applicant, from 22 *Barbour*, 168, is exactly against him, so far as the facts are concerned; but that case was disposed of on the ground that the infant's rights were involved whom the court was bound to protect, especially as there were circumstances showing that not to do so would be a hardship. All the cases cited in that case and the case itself show, as applied to the facts here, the court would not be justified in ordering a resale. The case from 11 *Johnson*, 554, has no

Burchell agt. Voorhis.

application — the mere truisms stated in that case having no reference to facts here make it no authority for this application. No other case cited would justify the court here in setting aside the sale on the mere chance of an advance, and thus enable the defendant to further trifle with the process of the court. If the sale should be set aside it would seem to me to simply result in preventing bidding at auction sales, as every bidder, if he did not satify each party, would be at their mercy. Motion denied, with costs.