McEWEN v. BUTTS et al.

(Supreme Court, General Term, Fifth Department.   October 21, 1892.)

FORECLOSURE SALE—ACTION TO SET ASIDE—INADEQUACY OF PRICE.

 A sale under a decree of foreclosure to a *bona fide* purchaser will not be set aside in an action brought for that purpose merely because of inadequacy of price.

Appeal from special term, Monroe county.

Action by Kenneth B. McEwen against Daniel Butts and Louisa Carpenter to set aside a sale under a decree foreclosing a mortgage. From a judgment dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*John Desmond*, for appellant.   *Albert H. Harris*, for respondents.

LEWIS, J.   The defendant Daniel Butts was indebted to his father, Christian Butts, at the time of the death of his father, February 19, 1888, in the sum of about $900. Simon Butts was appointed executor of the will of Christian Butts, and as such executor obtained a judgment against Daniel Butts on said claim for $1,082.77 in January, 1890. An execution was issued upon said judgment against Daniel Butts' property, and returned wholly unsatisfied, and thereafter the said executor sold the judgment to the plaintiff for the sum of $175. Daniel Butts was the owner of a farm in the town of Greece, Monroe county, at the time of his father's death, and while he was owing his father the debt aforesaid. The farm was mortgaged to the Rochester Savings Bank for $2,000, which mortgage was dated March, 1887. The mortgagor, Daniel Butts, neglected to pay the interest as it fell due on the mortgage, and the bank commenced an action to foreclose the mortgage, and recovered a judgment, and the farm was sold as directed by the judgment, November 17, 1888, to the defendant Louisa Carpenter, she being the highest bidder at the sale. The executor, Simon Butts, held the claim as executor against Daniel Butts, at the time the sale took place. He neglected to attend the sale to protect the claim, although he was informed in due time that the sale was to take place, and he neglected for more than a year after the debt was due, and after the sale, to put the claim in judgment. The defendant Louisa Carpenter, after purchasing the farm, sold a portion of it, and borrowed of the Rochester Savings Bank $2,000, and gave to the bank in payment her bond with a mortgage, as collateral thereto, upon that portion of the land purchased at the sale which the plaintiff seeks to reach by this action. The bond and mortgage are unpaid still. The land brought at the foreclosure sale considerably less than its true value.

The plaintiff, as the owner of the judgment against Daniel Butts, purchased as aforesaid of the executor of Christian Butts, brought this action in September, 1890, against Daniel Butts and Louisa Carpenter to set aside the sale under the savings bank foreclosure judgment, and the sheriff's deed of the premises to Louisa Carpenter, on the ground that the judgment and sale and conveyance were procured by fraud and collusion of the defendants. That portion of the premises which the defendant Carpenter conveyed after the sale is not sought to be reached by this action. The cause was tried at the Monroe county special term, and resulted in the dismissal of the plaintiff's complaint on the merits. From the view we have taken of this appeal the foregoing are all the facts we deem it necessary to particularize.

The plaintiff's evidence tended with considerable force to prove the allegations of fraud in his complaint, but his evidence was met by the evidence of Mrs. Carpenter, Daniel Butts, and other witnesses called by the defendants, so that the case presented questions of fact for the determination of the trial justice, and he found them in favor of the defendants. We have carefully read the evidence, and cannot say that it so preponderated in favor of the

plaintiff that we would be justified in disturbing the judgment. The trial court had the opportunity of seeing the witnesses and hearing their testimony. If Mrs. Carpenter and her witnesses testified truthfully, she was a *bona fide* purchaser for value, and both herself and father were free from any fraud in the premises.

Stress is laid on the fact that the land sold for considerably less than its value. This would be a more important factor had the plaintiff sought relief by way of a motion to set aside the sale, addressing himself to the favor and discretion of the court. By the form of his action he claimed the legal right to set aside the deed and sale because of fraud, and, having failed to prove fraud, the price the land brought is of no importance. A sale under a judgment will not be set aside, in the absence of fraud, surprise, or well-grounded misapprehension, simply because a higher price can be reasonably anticipated on a resale of the premises, even where relief is sought by motion. *Kellogg* v. *Howell*, 62 Barb. 280; *Burchell* v. *Voorhis*, 49 How. Pr. 247. The plaintiff's exceptions to the admission of the evidence as to the value of the life estate of the defendant Daniel Butts in a part of the property sold are unavailing, as he failed to establish fraud. The judgment appealed from should be affirmed, with costs. All concur.